Y. Jae Kim, Esq.
Firouzeh Nur-Vaccaro, Esq.
**KIM IP LAW GROUP LLC**
129 W. Evesham Road
Voorhees, NJ 08043
(856) 520-8988
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VON ERICKSON LABORATORIES LLC, <br><br> Plaintiff, <br><br> v. <br><br> FIVE BELOW, INC., <br><br> Defendants. | Civil Action No. <br><br><br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff, Von Erickson Laboratories LLC ("Plaintiff" or "Von Erickson"), by and through its attorneys, files this Complaint against Defendant Five Below, Inc. and alleges as follows:

**THE PARTIES**

1. Von Erickson is a limited liability company registered in New York that maintains its principal place of business at 69 First Avenue, No. 10, New York, New York 10003. Von Erickson is the successor to the original copyright registrant, for all interests and purposes, of the copyright at issue in this Complaint.

2. Defendant Five Below, Inc. ("Defendant" or "Five Below") is a Pennsylvania corporation that maintains its principal place of business at 701 Market Street, Suite 300 Philadelphia, PA 19106.

3. Five Below owns and operates a worldwide retail business enterprise that sold works infringing on Von Erickson's copyrights in its stores in New Jersey.

## NATURE OF THE ACTION

4. Von Erickson seeks damages for acts of copyright infringement, engaged in by Five Below in violation of the laws of the United States, and to enjoin Five Below permanently from reproducing the copyrighted work, and from displaying and distributing the infringing works.

5. Von Erickson created original jewelry designs in 2009. Five Below has infringed one of those designs by making identical copies of Von Erickson's original design, and by displaying and distributing those copies or works to the public. Five Below's cheaper infringing jewelry items harm Von Erickson.

## JURISDICTION AND VENUE

6. The United States District Court for the District of New Jersey has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

7. Von Erickson's claims are brought pursuant to 17 U.S.C. §501, and are predicated upon the Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq., in particular (but without limitation) 17 U.S.C. §106, §502, and §504.

8. This Court has personal jurisdiction over Defendant Five Below because Five Below regularly does business in the State of New Jersey and is engaged in continuous and systematic activity in the State of New Jersey. Five Below's activity in connection with the State of New Jersey would cause it reasonably to anticipate that it would be subject to the jurisdiction of the courts in the State of New Jersey.

9. Venue is founded properly in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(a), because a substantial part of the events or omissions giving rise

4906-5477-6423, v. 1

to Von Erickson's claims occurred in this judicial district, and/or because Defendant is subject to personal jurisdiction in this district.

## VON ERICKSON'S COPYRIGHTS

10. Von Erickson owns the following U.S. copyright registrations that cover the original design that is at issue in this Complaint:

(a) U.S. Copyright Registration No. VA 1-832-450 for "Large Blood Drip Necklace" with an effective date of October 15, 2012 ("Large Blood Drip Copyright"). A copy of the registration certificate for Large Blood Drip Necklace is attached as Exhibit A. The photograph below is of an article covered by the Large Blood Drip Copyright as created by Von Erickson ("Large Blood Drip Necklace" or "Protected Design"):



(b) U.S. Supplementary Registration No. VA 1-433-345 with an effective date of July 17, 2013 for "Large Blood Drip Necklace" as a derivative of the Blood Drip Copyright ("Large Blood Drip Supplementary Registration"). A copy of the registration certificate for the Large Blood Drip Supplementary Registration is attached as Exhibit B.

11. Von Erickson owns all rights in and to the Large Blood Drip Copyright and the Large Blood Drip Supplementary Registration, which constitute original and copyrightable subject matter under the U.S. Copyright Act.

12. Von Erickson has complied with all relevant requirements of the U.S. Copyright Act with respect to the Large Blood Drip Copyright and the Large Blood Drip Supplementary

Registration.

## VON ERICKSON'S BUSINESS

13. Von Erickson has designed, manufactured, reproduced, made derivative works from, marketed, and distributed original jewelry, props, prototypes, and furniture designs since 1993. Prior to the registration of "Von Erickson Laboratories" as a limited liability company, "Von Erickson" was a business trade name used by the creator of the business, Peter Erickson. Von Erickson Laboratories LLC is the assignee of Peter Erickson, the initial registrant, of the copyright in issue in this Complaint. Peter Erickson presently is a member of Von Erickson.

14. Von Erickson makes its original jewelry by hand by sculpting a design and creating a mold from the sculpture. Von Erickson then pours molten vinyl into the mold, which later hardens into a soft and pliable vinyl jewelry item. The liquid can be dyed any desired color. Von Erickson produces some designs in differing colors and opacities. The result is a hand-made high-quality jewelry item for which Von Erickson receives a premium price.

15. Von Erickson sells its original jewelry designs directly to the consumer online and also sells them wholesale to both online and in-store retailers worldwide. Von Erickson opened its online store at www.vonerickson.etsy.com and on www.ebay.com in April 2009. Von Erickson opened its online store at www.vonericksonlab.com in June 2009. The Protected Design was offered on each online store and was first published as of at least June 19, 2009.

16. Five Below did not possess any identical or substantially similar copy of the Protected Design before Von Erickson displayed and published the Protected Design.

## FIVE BELOW'S UNLAWFUL ACTS

17. Five Below had access to Von Erickson's Protected Design because its infringing design is identical to the Protected Design.

18.     Five Below reproduced, or caused to be reproduced, displayed, and distributed exact copies of Von Erickson's Protected Design ("Five Below's Necklace Copy"). The photographs below are of Five Below's Necklace Copy as offered on its website and at its store:



Five Below's Halloween Blood Drip Choker Necklace - Item #6150018

(FIVE BELOW NECKLACE COPY)



Five Below's Halloween Blood Drip Choker Necklace - Item #6150018

(FIVE BELOW NECKLACE COPY)

5

4906-5477-6423, v. 1



Five Below's Halloween Blood Drip Choker Necklace - Item #6150018

(FIVE BELOW NECKLACE COPY)



Five Below's Halloween Blood Drip Choker Necklace - Item #6150018

(FIVE BELOW NECKLACE COPY)

19. The photographs below compare Five Below's Necklace Copy to Von Erickson's Protected Designs:

6





Five Below Necklace Copy above Von Erickson Protected Design

20. Von Erickson became aware that Defendant reproduced, displayed, and distributed the Five Below Necklace Copy in its stores and online at www.fivebelow.com on or about October 15, 2022.

## COUNT I – COPYRIGHT INFRINGEMENT

21. Von Erickson incorporates by reference all of the allegations contained in the foregoing paragraphs of this Complaint as if each allegation was contained in this paragraph.

22. Von Erickson is the owner of U.S. Copyright registration VA 1-832-450 for "Large Blood Drip Necklace," shown in Exhibit A, and Supplementary Registration VA 1-433-345, shown in Exhibit B.

23. The Large Blood Drip Necklace is wholly original to Von Erickson and is copyrightable subject matter under 17 U.S.C. §102(a)(5).

4906-5477-6423, v. 1

24. Five Below had access to Von Erickson's Protected Design.

25. Five Below violated Von Erickson's exclusive right to reproduce the Large Blood Drip Necklace under 17 U.S.C. §106(1) by reproducing an identical copy and/or derivative of the Large Blood Drip Necklace in 2022 without authorization from Von Erickson.

26. Five Below violated Von Erickson's exclusive right to display the Large Blood Drip Necklace under 17 U.S.C. §106(5) by displaying Five Below's Necklace Copy in 2022 without authorization from Von Erickson.

27. Five Below violated Von Erickson's exclusive right to distribute copies of the Large Blood Drip Necklace under 17 U.S.C. §106(3) by distributing Five Below's Necklace Copy in 2022 without authorization from Von Erickson.

28. Upon information and belief, Five Below's infringement of Von Erickson's copyrights is willful and deliberate.

29. Five Below will continue its infringing conduct unless restrained by this Court.

30. By its acts, Five Below made substantial profits and gains to which it is not in law or in equity entitled.

31. Five Below's acts have damaged and will continue to damage Von Erickson. Von Ericikson is entitled to recover its actual damages resulting from Five Below's uses of the Large Blood Drip Necklace, as well as disgorgement of Five Below's profits, which amounts will be proven at trial.

32. In the alternative, at Von Erickson's election, Von Erickson is entitled to maximum statutory damages, pursuant to 17 U.S.C. §504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement.

4906-5477-6423, v. 1

33. Von Erickson is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. §505.

34. Five Below's conduct has caused and will cause irreparable injury to Von Erickson unless enjoined by this Court. Pursuant to 17 U.S.C. §502, Von Erickson is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## **PRAYER FOR RELIEF**

WHEREFORE, Von Erickson demands judgment against Five Below as follows:

I. Finding that Five Below has infringed Plaintiff Von Erickson's copyrights in violation of the U.S. Copyright Act, 17 U.S.C. §101 *et seq.*;

II. Finding that such infringement was willful;

III. An accounting for all revenue earned by Five Below as a result of sales of the Large Blood Drip Necklace through the date of final judgment;

IV. Granting that Von Erickson recover (1) its actual damages sustained as a result of Defendant's wrongful actions and (2) Defendant's profits made as a result of Defendant's wrongful actions; or should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in the U.S. Copyright Act 17 U.S.C. §504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

V. Granting Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter future infringement;

VI. Granting Plaintiff its costs and attorneys' fees, as provided in 17 U.S.C. §505;

VII. Granting Plaintiff interest, including pre-judgment interest on the foregoing sums;

4906-5477-6423, v. 1

VIII. Granting a permanent injunction pursuant to the U.S. Copyright Act 17 U.S.C. §502, permanently restraining and enjoining Five Below, its officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from reproducing, making derivative works from, displaying, and distributing to the public any products which are identical to or substantially similar in overall appearance to Von Erickson's copyrighted design;

IX. For such other and further relief to which Plaintiff may be entitled.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated September 19, 2025           By: s/Firouzeh Nur-Vaccaro

Firouzeh Nur-Vaccaro, Esq.
firouzehnurvaccaro@kimiplawgroup.com
Y. Jae Kim, Esq.
yjaekim@kimiplawgroup.com

**KIM IP LAW GROUP LLC**
129 W. Evesham Road
Voorhees, NJ 08043
Tel: (856) 520-8988
Email: lit@kimiplawgroup.com
*Attorneys for Plaintiff*

4906-5477-6423, v. 1